UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DAVID FERNANDO AYAVACA TENEMEA,

Petitioner,

v.

RAUL MALDONADO, JR., et al.,

Respondents.
---------------------------------------------------------------X

**ORDER**
26-CV-4001-SJB

**BULSARA, United States District Judge:**

Petitioner David Fernando Ayavaca Tenemea ("Ayavaca Tenemea") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On the day he filed this Petition, he was confined at the Metropolitan Detention Center in Brooklyn, where he had been detained since November 5, 2025. (Pet. for Writ of Habeas Corpus filed July 2, 2026 ("Pet."), Dkt. No. 1 ¶ 39). However, because this is Ayavaca Tenemea's second petition asserting the same challenge to his initial detention, it is denied as an abuse of the writ.

BACKGROUND

Ayavaca Tenemea's immigration background was largely set forth in the order denying his first petition in the Southern District of New York, *see* Opinion and Order, *Ayavaca Tenemea v. Noem*, No. 25-CV-9066 (S.D.N.Y. Apr. 8, 2026), Dkt. No. 10 [hereinafter *Ayavaca Tenemea I*], and the Court only recites the details pertinent to this decision. He entered the United States in May 2024. *Id.* at 2; (Pet. ¶ 24). He was arrested and served with a Notice to Appear on May 22, 2024 near a port of entry, and released shortly thereafter due to lack of bed space. *Ayavaca Tenemea I* at 2–3; (Pet. ¶ 24). Ayavaca Tenemea was ordered removed by an Immigration Judge on October 3,

2024, and on November 14, 2024, he was arrested during a routine check-in with ICE. *Ayavaca Tenemea I* at 2–3; (Pet. ¶¶ 29, 32). He has been detained since that time, first at the Orange County Jail, then at the Metropolitan Detention Center, and, on the day this Petition was filed, he was transferred to Delaney Hall in New Jersey to effectuate his removal to Ecuador. *Ayavaca Tenemea I* at 3; (Suppl. Decl. of Michael Charles dated July 10, 2026, attached to Resp'ts' Opp'n, Dkt. No. 11 ¶¶ 10–11). He applied for a T visa[1] on November 15, 2024, which was deemed bona fide on or about February 3, 2025, and which stayed his removal; the application was subsequently denied on or about April 3, 2026. *Ayavaca Tenemea I* at 2–3; (Pet. ¶¶ 28, 43). Ayavaca Tenemea also filed a motion to reopen before the Immigration Court on December 31, 2024, which was denied on January 13, 2025, and then an appeal with the Board of Immigration Appeals on January 28, 2025, which he has since withdrawn. *Ayavaca Tenemea I* at 3; (Pet. ¶ 43). He indicates he intends to refile a T visa application. (Pet. ¶ 43).

Ayavaca Tenemea filed a petition for writ of habeas corpus in the Southern District of New York on October 31, 2025. *Ayavaca Tenemea I* at 1. That petition primarily challenged his prolonged detention as a due process violation in light of *Zadvydas v. Davis*, 533 U.S. 678 (2001), particularly in light of his experience as a victim of human trafficking. *Id.* at 5. The Court concluded that Ayavaca Tenemea's continued detention did not constitute a due process violation as contemplated in *Zadvydas*, largely because his removal was stayed due to his own T visa application. *Id.* at 7.

[1] A T visa provides legal status to certain victims of human trafficking. Ayavaca Tenemea was subjected to human trafficking and forced labor on his journey from Ecuador to the United States. *Ayavaca Tenemea I* at 3.

DISCUSSION

"Under the common law 'abuse of the writ' doctrine, a court need not entertain a petition that abuses the habeas process." *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004). The doctrine equally applies in the context of immigration detention. *E.g.*, *Vintimilla Rengel v. Maldonado*, No. 26-CV-4173, 2026 WL 2071126, at *3 (E.D.N.Y. July 17, 2026); *Kumar v. Maldonado*, No. 26-CV-3516, 2026 WL 1802984, at *2 (E.D.N.Y. June 23, 2026); *Kuprashvili ex rel. Tilley v. MDC Brooklyn*, No. 26-CV-2581, 2026 WL 1481860, at *1 (E.D.N.Y. May 27, 2026), *reconsideration denied*, 2026 WL 1662197, at *2 (June 9, 2026). "One frequently recognized indicator of abusiveness is whether the petitioner could have asserted his present claims in his prior petition. . . . Depending on the circumstances, the repetition of a previously asserted claim can be at least as abusive as raising new claims that could have been pursued in a prior petition." *Esposito*, 392 F.3d at 550. "Where a petitioner brings the same claims, he or she must show cause for cause doing so, for instance, by showing the [] discovery of new facts or an intervening change in the law." *Kumar*, 2026 WL 1802984, at *2 (quotation omitted). Where a petitioner raises claims that he or she could have raised in the first petition, he or she must 'show cause for failing to raise [the claims] and prejudice therefrom.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "In addition, . . . because habeas corpus is equitable in nature, the petitioner's own conduct can have a significant bearing on whether abuse is found." *Esposito*, 392 F.3d at 550.

The government typically[2] bears the burden of pleading abuse of the writ, and satisfies that burden if, "with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." *McCleskey*, 499 U.S. at 494. The burden then shifts to the petitioner, who "must show cause for failing to raise it and prejudice therefrom" or that "a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* at 494–95.

Here, there is no dispute that the challenge to the legality of Ayavaca Tenemea's detention was raised in his first habeas petition. (*See* Pet'r's Reply dated July 17, 2026, Dkt. No. 13 at 8). Ayavaca Tenemea argues instead that the court did not decide the issue, and in any event, this Petition is based on new facts and an intervening change in law. (*Id.* at 8–9).

Regardless of whether *Ayavaca Tenemea I* resolved the propriety of the initial November 2024 arrest and detention, the proper procedure to adjudicate that alleged omission is to seek reconsideration or appeal of the first writ denial. Ayavaca Tenemea did not do so, instead chose to file a new writ, based on the same facts, in a new district before a new judge. *See Esposito*, 392 F.3d at 551 (affirming district court's dismissal for abuse of the writ where petitioner failed to appeal the denial of his prior habeas petition); *Cardona v. Taylor*, No. 17-CV-0320, 2017 WL 1291996, at *2 (S.D.N.Y. Apr. 3, 2017) ("Mr. Cardona did not appeal Judge Scheindlin's decision; his own conduct

---

[2] The doctrine may also be invoked *sua sponte*. *Garcia v. Dep't of Homeland Sec.*, 422 F. App'x 7, 7 (2d Cir. 2011).

therefore supports the denial of his second, duplicative petition."); *Kumar*, 2026 WL 1802984, at *3 (finding abuse of the writ where "Petitioner has not provided a reason for failing to appeal the *Kumar I* decision").

And while Ayavaca Tenemea points to new facts that were not present with the first petition, including "continued detention after the April 8 judgment, the spring 2026 denial and refiling of T relief, the June 2026 end of BIA proceedings, ICE's post-judgment removal preparations, the July transfer, and the continuing absence of any custody decision after June 2025," (Pet'r's Reply at 9), none of these new facts bear on the propriety of his *initial* detention in November 2024—which is what he challenges now. As for the intervening change in law he identifies, *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), was decided 20 days after *Ayavaca Tenemea I*. That again may well form the basis for an appeal or other relief from the decision in *Ayavaca Tenemea I*. But Ayavaca Tenemea's decision not to do so—and instead, to bring those arguments in an entirely new petition in a different district—counsels against this Court adjudicating the present Petition. *See Kumar*, 2026 WL 1802984, at *3 ("To the extent that Petitioner contends that the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), provides an intervening change in law since the January 29, 2026 *Kumar I* Order that justifies a successive petition, the availability of an appellate remedy in *Kumar I* supports a finding of abuse of the writ here.").

In summary, Respondents have shown that Ayavaca Tenemea either did raise or could have raised the present challenges to his detention in *Ayavaca Tenemea I*. And

Ayavaca Tenemea has not established cause for not pursuing these claims in his prior proceeding.

Because the Court finds an abuse of the writ, it need not entertain Respondents' recycled arguments that, because Ayavaca Tenemea was apparently transferred to New Jersey mere hours before this Petition was docketed, this case should be transferred there—an argument this Court has already rejected in similar circumstances. *See Flores-Linares v. Bondi*, No. 26-CV-0298, 2026 WL 179208, at *5 (E.D.N.Y. Jan. 22, 2026). Nor need it reach the jurisdictional arguments about this Court's ability to adjudicate habeas petitions challenging due process violations from an initial arrest when the petitioner has been issued a final order of removal, which have also been recently rejected by other courts in this District. *E.g.*, *Izaguirre v. Blanche*, No. 26-CV-2911, 2026 WL 2023200, at *6–*10 (E.D.N.Y. July 13, 2026).

## CONCLUSION

For the reasons above, the Petition is denied as an abuse of the writ. The Clerk of Court is directed to close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: July 21, 2026
Central Islip, New York